UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 4:11-CR-20558
                                            HON. MARK A. GOLDSMITH

MARIO DEAILLO WATKINS,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (DKT. 74)

### I. INTRODUCTION

This matter is before the Court on Defendant Mario Deaillo Watkins's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. 74). Defendant, who pled guilty to one count of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), claims that he was denied effective assistance of counsel regarding his sentencing guidelines. For the reasons discussed below, the Court denies Defendant's motion.

### II. BACKGROUND

A federal grand jury issued a multi-count indictment against Defendant and others in September 2011, charging Defendant with conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), two counts of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Indictment (Dkt. 1). Defendant was represented by an attorney during the proceedings.

The parties subsequently agreed to a Rule 11 plea agreement. Under the agreement, Defendant agreed to plead guilty to count one of the indictment, for which the agreement stipulated to the factual predicate. Plea Agreement (Dkt. 24). The worksheets attached to the plea agreement showed that Defendant's total offense level, after adjustments, was 29, and that his total criminal history points were 9, including a 2 point increase because the offense was committed while Defendant was on probation for other crimes. With a criminal history point score of 9, Defendant would have been placed into criminal history category IV, resulting in a sentencing guideline range of 121 – 151 months. The plea agreement stipulated, however, that the career offender provisions applied given Defendant's prior felony drug offenses. Using the career offender guidelines, Defendant's total offense level, after adjustments, remained 29, but his criminal history category was increased to VI. This increased the sentencing guideline range to 151 – 188 months. The parties agreed that, with some exceptions not relevant here, "defendant's guideline range is 151-188 months." Id. at 3.

The agreement also specified that

> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including — but not limited to — any proceeding under 28 U.S.C. § 2255.

Id. at 7. As part of the agreement, the Government agreed to dismiss the remaining counts of the indictment against Defendant. Id. at 5-6.

The Government, Defendant, and Defendant's counsel signed the plea agreement. Id. at 10. Directly above Defendant's and Defendant's counsel's signatures is the following language:

> By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its

2

      terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

Id.

      The parties consented to enter the guilty plea before a magistrate judge (Dkt. 25), and Magistrate Judge Michael Hluchaniuk held a plea hearing on August 2, 2012. The Magistrate Judge found that Defendant's plea was knowingly and intelligently made, and therefore recommended the Court accept the guilty plea. Report and Recommendation (Dkt. 26). The Court accepted the plea, and sentenced Defendant to 132 months imprisonment — below the advisory guideline range of 151 – 188 months. See Judgment (Dkt. 49).[1]

      Defendant then filed the instant motion to vacate his sentence under 28 U.S.C. § 2255 on November 8, 2013 (Dkt. 74). Per the Court's Order, the Government filed a response on December 2, 2013 (Dkt. 78).

### III. 28 U.S.C. § 2255 STANDARD

      This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

---

[1] Defendant claims in his motion that he was "sentenced to a total term of 136 months on count [o]ne of the indictment." Def.'s Mot. at 1. Defendant is mistaken. See Judgment (Dkt. 49) (imprisonment sentence of 132 months for count one).

3

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of § 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks and citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir.1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### IV. ANALYSIS

Defendant argues his counsel was ineffective. In particular, Defendant claims that (1) his counsel should have argued that the career offender guidelines did not apply because, although Defendant was convicted of previous felony drug crimes, he was never imprisoned for more than one year; and (2) the presentence investigation report said that his total criminal history score

4

was different than the score stated in the plea agreement worksheets, which would have resulted in a reduced sentencing guideline range. Mot. at 4-6.

To the extent Defendant's claims relate to actions taken by counsel that were unrelated to the plea agreement, they are likely barred by the post-conviction waiver in the plea agreement. See Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001) ("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."); see also In re Acosta, 480 F.3d 421, 422-423 (6th Cir. 2007). To the extent that Defendant claims the plea agreement itself was the product of ineffective assistance of counsel, however, this is not subject to the plea agreement's waiver. In re Acosta, 480 F.3d at 422-423; see also Def.'s Mot. at 6 ("Due to ineffective assistance of counsel this plea agreement was not knowingly and voluntarily entered into."). Nevertheless, the Court finds that Defendant's claim of ineffective assistance of counsel is legally untenable because counsel was not deficient.

### A. Ineffective Assistance of Counsel Standard

To satisfy the rigorous standard of obtaining relief based on ineffective assistance of counsel, a defendant must show "(1) that counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that the defendant was prejudiced as a result of his counsel's deficient performance." See United States v. Bailey, -- F. App'x --, 2013 WL 6333441, at *9 (6th Cir. Dec. 5, 2013) (citing Strickland v. Washington, 466 U.S. 668, 687-688 (1984)). The Court does not need to "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. The Court finds that Defendant fails on the first prong without even considering the second.

**B.     Counsel Was Not Deficient**

Under Strickland, "[a]n attorney's performance is deficient if it is objectively unreasonable under prevailing professional norms." Hodges v. Colson, 727 F.3d 517, 534 (6th Cir. 2013) (citing Strickland, 466 U.S. at 688). The Sixth Circuit has announced a presumption that counsel is competent, and the court provides deference in the area of plea bargaining. Spikes v. Mackie, -- F. App'x --, 2013 WL 5976096, at *9 (6th Cir. Nov. 7, 2013).

Defendant's main challenge to counsel's performance is Defendant's argument that counsel misadvised him regarding the application of the career offender guidelines in the plea agreement. Defendant claims that the career offender guidelines should not have applied because, although he "has more than two prior felony arrest[s], . . . he has never served a term of imprisonment exceeding one year or more." Def.'s Mot. 4. In other words, Defendant does not challenge that he had been convicted of at least two controlled substance offenses, nor does he contest that those offenses were potentially punishable by a term of imprisonment exceeding one year. Rather, Defendant claims that the convictions are not relevant because he never actually served a term of imprisonment exceeding one year. Id.

The Government responds that to be relevant for purposes of the career offender guidelines, the crime does not need to result in imprisonment of more than one year, so long as it is punishable by this amount. Gov't Resp. at 4-5. The Court agrees.

Pursuant to § 4B1.1(a) of the Sentencing Guidelines:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

6

The sentencing guidelines go on to define "crime of violence" and "controlled substance offense" as an offense "under federal or state law, <u>punishable</u> by imprisonment for a term exceeding one year," and that meets certain qualifications, i.e., physical force or certain crimes for a "crime of violence," and, in the case of "controlled substance," the "manufacture, import, export, distribution, or dispensing of a controlled substance[,] . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(a), (b) (emphasis added). The Guidelines' use of the term punishable, rather than punished, suggests that the Court is to consider the punishments that could have been imposed for the conviction, not those that were actually imposed.

Both the Application Notes accompanying the Sentencing Guidelines and case law reveal this interpretation to be correct. Application Note 1 to Sentencing Guideline § 4B1.2 provides that "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Similarly, the Sixth Circuit has held that "[t]he designation of the offense under [state] law and the actual sentence imposed is irrelevant. The only relevant question is whether the [state] offense is punishable by a term exceeding one year." <u>United States v. Apodaca</u>, 512 F. App'x 509, 513 (6th Cir. Jan. 23, 2013). Numerous courts in this district have reached the same conclusion. <u>See, e.g.</u>, <u>Bryson v. United States</u>, No. 11-20571, 13-cv-11939, 2013 WL 3780950, at *3 (E.D. Mich. July 19, 2013) (prior conviction was relevant for career offender guidelines because the offense was punishable by more than one year in prison, despite only receiving 30-day sentence); <u>United States v. Richardson</u>, No. 11-20669, 2013 WL 396239, at *4 (E.D. Mich. Feb. 1, 2013) (noting that the length of sentence actually served is irrelevant for the career

7

offender guidelines); Walters v. United States, 03-cr-80758-3, 09-cv-11214, 2009 WL 3299689, at *4 (E.D. Mich. Oct. 14, 2009) ("[N]otwithstanding the sentence of probation actually imposed upon Walters, Walters' 1997 conviction was for a felony controlled substance offense, and, accordingly, was properly treated as a predicate offense for career offender treatment under U.S.S.G. § 4B1.1 because it was punishable by a term of imprisonment exceeding one year.").

Defendant does not challenge that he was previously convicted of controlled substance offenses, nor does he challenge that the offenses at issue were punishable by a term of imprisonment exceeding one year. Rather, Defendant focuses on his actual punishments received — an irrelevant inquiry for determining whether the career offender guidelines apply. Accordingly, the Court finds that Defendant's counsel was not deficient in using the career offender guidelines to determine the applicable sentencing range as part of the plea agreement.[2]

---

[2] Although unclear from the motion, it appears that Defendant also may claim that his counsel was deficient because the criminal history points calculated in the plea agreement (9) differed from the point calculation in the presentence investigation report (7). The Court rejects this argument for two reasons. First, because the plea agreement properly utilized the career offender guidelines — which provided a higher criminal history category (VI) than would have applied using criminal history points (IV) — any errors in the point calculation are harmless. See Tipton v. United States, No. 10-cv-84, 09-cr-86, 2013 WL 4856197, at *11 (E.D. Tenn. Sept. 10, 2013) (noting that a claim regarding a purportedly improper point calculation "lacks merit because Tipton is a career offender and his criminal history points did not impact his sentence.").

Second, even if the career offender guidelines did not apply, Defendant's sentence still fits within the guideline range. Defendant claims that his presentence investigation report calculated his criminal history points as five and, therefore, the criminal history category should have been III. Def.'s Mot. at 5-6. But this ignores the two-point enhancement in both the plea agreement and the presentence investigation report for committing the crime while on probation. Using either the plea agreement's or the presentence investigation report's total criminal history point calculation — nine and seven respectively — Defendant's criminal history category would have been IV. An offense level of 29 and a criminal history category of IV result in a guideline range of 121 – 151 months, precisely what Defendant's counsel argued in his sentencing memorandum would be appropriate. Def.'s Sentencing Mem. (Dkt. 46). Defendant's 132-month sentence fits squarely within this range.

### C. Certificate of Appealability

Because Defendant's claim for relief is wholly lacking in merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483–484 (2000). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

### V. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. 74).

SO ORDERED.

Dated: February 7, 2014　　　　　　　　　　s/Mark A. Goldsmith
　　Flint, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2014.

　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　Case Manager